IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TAYLOR JOHNELLE WILSON, # 165981, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:17cv545-MHT |
| ) | (WO) |
| JOHN CROW, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Taylor Johnelle Wilson is a state inmate confined at the Staton Correctional Facility in Elmore, Alabama. Through a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1), Wilson challenges his 1991 Montgomery County conviction for rape in the first degree, for which he was sentenced to 30 years' imprisonment. For the reasons that follow, it is the recommendation of the Magistrate Judge that Wilson's § 2254 petition be dismissed.

**DISCUSSION**

This court's records indicate that Wilson has previously filed a habeas corpus petition under 28 U.S.C. § 2254 challenging his 1991 rape conviction and 30-year sentence. The instant § 2254 petition represents Wilson's second attempt in this court at challenging that conviction and sentence. Wilson's prior § 2254 petition, which he filed in this court in September 1995, was denied and dismissed with prejudice in November 1998. *See Wilson v Jones, et al.*, Civil Action No. 2:95cv1230-ID (M.D. Ala. 1998).

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[1] 28 U.S.C. § 2244(b)(3)(B) & (C).

---

[1] Section 2244(b)(1) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Wilson furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this court to proceed on his successive application for habeas relief. "Because this undertaking [is a successive] habeas corpus petition and because [Wilson] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an order from the court of appeals authorizing the district court to consider a successive habeas petition, the district courts lack jurisdiction to consider the petition). Consequently, the instant petition for writ of habeas corpus should be denied and this case summarily dismissed.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Wilson's petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A), as Wilson has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further ORDERED that the parties shall file any objections to this Recommendation on or before August 30, 2017. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party

from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; see Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 16th day of August, 2017.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE